show that the writing was intended merely as security for a debt, and, unless upon consideration of the whole case, the facts and circumstances are found to be inconsistent and irreconcilable with the absolute conveyance, no decree affecting the writing will be made: Lance's App., 112 Pa. 456; Danzeisen's App., 73 Pa. 65; Kimmel v. Smith, 117 Pa. 183; Jones v. Pierce, 134 Pa. 533; Fisher v. Witham, 132 Pa. 488; Null v. Fries, 110 Pa. 521; Wallace v. Smith, 155 Pa. 78; Sweetzer's App., 71 Pa. 264; Gaines v. Brockerhoff, 136 Pa. 175.

PER CURIAM, October 31, 1898:

A careful study of this case has convinced us that the opinion of the learned court below is entirely correct. It seems to us that the learned judge in his exhaustive and elaborate treatment of the case has so fully vindicated his findings of fact and conclusions of law that nothing that we could say would add any force to his reasoning. We affirm the decree upon the findings of fact and conclusions of law contained in the opinion.

Decree affirmed and appeal dismissed at the cost of the appellant.

----

John W. Beckett, Assignee, et al., *v.* Jonathan Allison and John W. Donnan, and Oil Well Supply Company, Appellant.

*Trust and trustees—Sheriff's sale—Evidence.*

Prior to a sheriff's sale an execution creditor agreed with a general creditor to bid the property up to an amount sufficient to cover the liens in which the execution creditor was interested, and to convey the land if it were purchased by him to the general creditor, in consideration of the latter paying the amount of the liens and giving a mortgage on other land to secure payment of the same. At the same time, and with the knowledge of the execution creditor, the general creditor agreed to give a mortgage on the lands to be conveyed to him to a junior execution creditor to secure the payment of his claim in consideration of the junior execution creditor not bidding at the sale. Immediately before the sale the general creditor refused to give to the junior execution creditor his notes, but renewed the offer to give the mortgage. The senior execution creditor thereupon agreed with the junior execution creditor not to convey

the land to the general creditor unless the latter gave the mortgage to the junior creditor. At the sale the senior creditor bought in the property. The general creditor subsequently refused to take the property, and surrendered all his claim to it to the purchaser. At the time the surrender was made the senior creditor offered to convey to the junior creditor the land, if the latter would pay the amount which the general creditor had originally agreed to pay to the senior creditor. This offer was refused. Nearly three years after the surrender, and after valuable improvements had been placed upon the land, the junior creditor filed a bill in equity against the senior creditor to enforce an alleged trust. *Held*, that the bill was properly dismissed.

Argued Oct. 21, 1898. Appeal, No. 181, Oct. T., 1898, by Oil Well Supply Company, defendant, and plaintiff in cross bill, from decree of C. P. Washington Co., No. 944, in equity. Before GREEN, WILLIAMS, MITCHELL, DEAN and FELL, JJ. Affirmed.

Cross bill in equity to enforce an alleged trust.

The facts appear by the opinion of McILVAINE, P. J., set out in full in the report of Beckett v. Allison, ante, p. 279.

*Error assigned* was decree dismissing the cross bill.

*Thomas Patterson*, for appellant.—Where one about to become a purchaser at sheriff's sale gives an assurance to one having an interest in, or a bona fide claim upon, the property, that upon becoming the purchaser, he will hold the property, in whole or in part, in trust for the one to whom the promise is given, and by this means either avoids adverse bidding or in some other way secures a benefit to himself from the arrangement, upon the sale of the property to him he will be held a trustee to fulfil the arrangement upon which the property was secured. Such a trust is a constructive one, and upon the purchaser's denying the promise, if same be established against him, he is termed a trustee ex maleficio : Sweetzer's App., 71 Pa. 264 ; Wolford v. Herrington, 86 Pa. 39 ; Bennett v. Dollar Savings Bank, 87 Pa. 382 ; Heath's App., 100 Pa. 1 ; Gaines v. Brockerhoff, 136 Pa. 175.

Such an arrangement need not be in writing, it is sufficient if it be established by evidence " clear, precise and indubitable : " Seichrist's App., 66 Pa. 237 ; Squires's App., 70 Pa. 266.

An arrangement, such as is shown in this case, that property, either real or personal, is to be held in pledge for the payment of a draft creates a lien which will be enforced in equity. Such a pledge is sometimes termed an "equitable mortgage," but owing to the fact that in England all second mortgages are termed "equitable," the later writers adopt the term "equitable lien" to describe an interest of this nature: Daggett v. Rankin, 31 Cal. 321; Ex parte Wills, 1 Ves. 162; 3 Pomeroy's Equity Jurisprudence, sec. 1237.

Where the agreement is, in its essence, a mortgage, it retains this character until paid or divested, and the parties cannot deal with it in any other manner than as a security with the incidents of a mortgage. This on the equitable principle that "that which is once a mortgage, is always a mortgage:" 3 Pomeroy's Equity Jurisprudence, sec. 1193.

The holder of security, collateral for the payment of a debt, cannot terminate the relation and appropriate the property conveyed or pledged to him by his act alone. A public sale and due notice are always required unless expressly waived. The trustee is bound to fully inform the cestui que trust of that which has been done, or may hereafter be done, which will affect his interest: Diller v. Brubaker, 52 Pa. 498; Conyngham's App., 57 Pa. 474.

*D. F. Patterson*, with him *A. M. Todd* and *James A. Wiley*, for appellees.—He who invokes the aid of a chancellor must exercise reasonable diligence in view of all the circumstances attending the particular transaction upon which his claim is founded, and his own conduct must be fair and just, and not misleading to the party from whom he seeks relief: Twinlick Oil Co. v. Marbury, 91 U. S. 587; Graham v. Donaldson, 5 Watts, 451.

PER CURIAM, October 31, 1898:

The decree in this case is affirmed on the findings of fact and conclusions of law contained in the opinion of the learned court below, ante, p. 279.